## Commonwealth, et al. v. Belknap's Executor.

(Decided October 19, 1917.)

### Appeal from Jefferson Circuit Court (Chancery Branch No. 2).

1. Taxation—Inheritance Tax.—In an action to recover an inheritance tax under sections 4281a to 4281t, inclusive, Kentucky Statutes, it is the duty of the county court to appoint an appraiser of the estate if the value of the legacies be in doubt, and the report of the appraiser so appointed, unless excepted to, will be sufficient to support the judgment of the court in finding the estate subject to inheritance tax.

2. Taxation—Inheritance Tax—Review—Bill of Exceptions.—No bill of exceptions is required on an appeal from a judgment of the county court to the circuit court under the revenue act, including the statute with reference to inheritance tax.

3. Taxation—Inheritance Tax.—A legatee is not required to pay inheritance tax under Kentucky Statutes, sections 4281a to 4281t, inclusive, unless the bequest exceed in value the sum of five ($500) hundred dollars.

4. Taxation—Inheritance Tax.—Where an estate consists of six hundred forty-two ($642) dollars of household property, and 150 shares of stock of a coal company, of the face value of fifteen thousand ($15,000) dollars, and the legacies to collateral kin (twenty-seven in number) were all less than five hundred ($500) dollars, each, except two, and the value of the stock is unknown and the executor is unable to find a purchaser or to have an offer for a purchase of the stock, but the stock is appraised at its face value; upon exceptions to the report of the appraiser the trial court should hear proof upon the value of the stock and fix the same, and if the value thus found by the trial court is great enough to render the estate liable for the inheritance tax, assess such tax and certify the same to the county court, otherwise dismiss the action.

MATT J. HOLT and A. SCOTT BULLITT for appellants.

BARRETT, ALLEN & ATKISSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This action was instituted in the Jefferson county court in April, 1914, to recover an inheritance tax alleged to be due from the estate of Elizabeth A. Belknap, deceased, under sections 4281a to 4281t, Kentucky Statutes.

Mrs. Belknap died January 31st, 1909, and her will was probated February 2nd, following. James Quarles qualified as executor upon the day the will was probated. She left no real estate but by her will she made twenty-

seven bequests, most of them less than five hundred dollars each, but some of them greater than that sum. Her bequests were to her collateral kin only. She owned about $642.00 worth of household property, which was located in her residence in Louisville. Her only other property consists of one hundred fifty shares, of the par value of one hundred ($100.00) dollars each, of the capital stock of the Proctor Coal Company, in Whitley county, Kentucky.

The statement filed in the county court alleges the estate to be of the value of fifteen thousand six hundred forty-two ($15,642.00) dollars, and that certain of the legacies to collateral kin are in excesse of five hundred ($500.00) dollars, and such are subject to inheritance tax. Under our statute, as construed by this court, the legatee is liable for inheritance tax only upon the estate which he received in excess of five hundred ($500.00) dollars; and since most of the bequests in this case are under said sum the amount estimated by the appraiser to be due the state is only two hundred seventy-one ($271.00) dollars. This with penalties and interest amounts to more than five hundred ($500.00) dollars, which the county court adjudged to the Commonwealth and its officers. An appeal was prosecuted by the executor from the judgment of the county court to the circuit court; there the case was tried *de novo* and the statement of plaintiff dismissed with cost. From this judgment the revenue agent appeals.

The answer of the executor alleges that the tangible personal property was of the value of six hundred forty-two ($642.00) dollars; that the funeral expenses and debts of the estate amounted to more than eight hundred ($800.00) dollars; that the one hundred fifty shares of the capital stock of the Proctor Coal Company had no "ascertainable market value," but he did not allege that it had no value or a value less than that shown on its face. The county court appointed an appraiser of the estate, who made a report in writing, showing the value of the estate to be fifteen thousand six hundred forty-two ($15,642.00) dollars, and that certain legacies were in excess of five hundred ($500.00) dollars, and therefore subject to the tax. This report was not excepted to in the county court and was there confirmed; upon appeal to the circuit court exceptions were filed to the appraisement, but these exceptions were not ruled upon, although a motion to strike them was overruled. A demur-

rer to the answer of the defendant was also overruled and the statement dismissed. Undoubtedly the circuit court was correct in overruling the motion to strike the exceptions to the appraiser's report, and likewise in overruling the demurrer to the answer, but it was in error in dismissing plaintiff's statement. The revenue agent should have been allowed an opportunity to show the value of the one hundred fifty (150) shares of the capital stock of the Proctor Coal Company if he could do so, because upon the value of this stock depends the liability of the estate for the inheritance tax to recover which this action was instituted. The answer does not deny that the stock is of value. It only alleges that the executor has been unable to ascertain the market value thereof, or to find a purchaser. If the stock is worth its face value then the estate is liable for inheritance tax; or, if it is worth approximately its face value it will be liable proportionately. It is argued, however, that if the stock is worth less than sixty per cent. of its face value that the bequests will be so reduced as to bring them below five hundred ($500.00) dollars, and that no inheritance tax will therefore be recoverable. This contention may finally prove true, but upon the face of the pleadings the plaintiff is entitled to introduce proof and to show, if it can, the actual value of the stock. If upon this hearing it should develop that the stock is not of such value as that the legatees, or any one of them, will receive a sum in excess of five hundred ($500.00) dollars, then the chancellor should dismiss the statement, otherwise a judgment should go for the plaintiff, and be certified to the county court.

Had the executor denied the allegations of the statement, or had he denied that the stock of the Proctor Coal Company was of value, or of such value as would have rendered the bequests, or any one of them, of a sum in excess of five hundred ($500.00) dollars, and there had been no response to such answer, as is the case here, the judgment of the lower court would be affirmed. But the allegations of the answer do not amount to a traverse of the allegations of the statement, and the court erred in dismissing plaintiff's action.

Upon the exceptions to the report of the appraiser the burden of proof was upon the executor, and he having failed so far as this record shows, to sustain the burden, his exceptions upon hearing should have been overruled.

A motion to refer the case to the official court reporter to take proof was entered, but not ruled upon by the trial court, and no proof as to the value of the stock of the Proctor Coal Company appears in the record, except in the brief of counsel for appellee reference is made to evidence as though heard on the trial. Upon a return of the case to the lower court a reference should be had to the master to take and report evidence, or the court should hear evidence as to the value of the stock; and if it be ascertained that the stock is of value the court should fix the same, and if the amount is great enough to render the estate liable for inheritance tax, assess the same, otherwise dismiss the action.

Judgment reversed for proceedings consistent with this opinion.